UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| NATALIE HOOVER<br><br>Plaintiff,<br><br>v.<br><br>GRANT COUNTY PROSECUTOR'S OFFICE<br><br>Defendant. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

## I. NATURE OF THE ACTION

This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD"), and the Washington Equal Pay Act, RCW 49.12.175 ("State EPA"). Plaintiff Natalie Hoover ("Plaintiff") alleges that the Grant County Prosecutor's Office ("Defendant") willfully paid her less wages than male employees for performing the same work. Plaintiff seeks monetary and injunctive relief, including pecuniary, non-pecuniary and exemplary damages to the fullest extent allowed by law.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## II. JURISDICTION, VENUE AND PARTIES

**1.** Plaintiff Hoover is a female and is a resident of the State of Washington.

**2.** At all relevant times, Defendant employed Plaintiff in Grant County, Washington.

**3.** Defendant is a Washington State government agency and has the requisite number of employees under the EPA, State EPA, and the WLAD.

**4.** This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 in that Plaintiff asserts claims against Defendant for unequal pay under the EPA. The Court has supplemental jurisdiction over Plaintiff's claims under RCW 49.60 *et seq.* and 49.12.175 because they arise from the same act(s) by Defendant that give rise to her claims under the EPA, as set forth below. The acts alleged herein were committed in Grant County, Washington, and caused harm, injury or damages in this state to Plaintiff. The Court has jurisdiction over the subject matter of this action and over Defendant.

**5.** Plaintiff filed her mandatory tort claim notice with the requisite office of the State of Washington more than sixty (60) days prior to the commencement of a legal action against Defendant. Pursuant to Chapter 4.96 RCW, the administrative requirement as prerequisite to suit has been met and the Court has jurisdiction over this matter.

**6.** Venue is proper in the Eastern District of Washington Spokane because the wrongful acts giving rise to the causes of action occurred in Grant County, which is assigned to the Spokane division of the Eastern District of Washington.

## III. STATEMENT OF CLAIMS

**7.** Defendant engaged in unlawful employment practices against Plaintiff while Plaintiff was employed by Defendant, in violation of the EPA, the WLAD, and the State EPA.

**8.** The following facts are not exhaustive and merely provide support for Plaintiff's claims.

**9.** Between April 2015 and July 2016, Plaintiff, while employed by Defendant, performed

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

substantially similar work as her male colleagues, but was paid less than her male colleagues. Defendant willfully set the disparity in wages between Plaintiff and her male colleagues despite knowing the males perform substantially similar work.

10. Plaintiff began working for Defendant as a District/Juvenile Deputy Prosecutor in April 2015, at a starting salary of $50,000 per year. Plaintiff's supervisor and Grant County Prosecuting Attorney, Garth Dano, offered Plaintiff the position with the salary of $50,000 per year. Plaintiff accepted Defendant's offer of $50,000 annual salary for the District/Juvenile Deputy Prosecutor. Upon information and belief, Defendant and Mr. Dano were aware that Defendant's pay range for Plaintiff's position was $28.37-$32.77 hourly or $59,009-$68,155 annually and that they had been paying the men in this position within or even above this pay range.

11. Since her hire in April 2015, Plaintiff performed duties for the District/Juvenile Prosecuting Attorney I position. This position was responsible for prosecuting persons charged with misdemeanors and infractions. Deputy prosecutors handled cases from charging to trial, and through appeal.

12. Chad Jenks, Sean Plunkett, Kiel Willmore, Hyrum Hemingway, Marcus Foster, and Peter Hibbard are male attorneys who were hired by Defendant for the same position as Plaintiff, District/Juvenile Prosecuting Attorney I. These male attorneys performed substantially similar work that required substantially similar skill, effort, and responsibility as Plaintiff. These males had similar professional experience as Plaintiff upon their hire, and upon information and belief, they were paid significantly more.

13. Upon information and belief, Defendant's employee(s) complained to Mr. Dano about female(s), including Ms. Hoover, not being paid the same as male colleagues even though they performed substantially similar work. Upon information and belief, Defendant and Mr. Dano failed to correct the pay disparity.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

14.   For reasons unknown to Plaintiff, Mr. Dano approached Plaintiff and told her that if she had an issue with her salary, she should come talk to him. Based on Mr. Dano's tone and body language, Plaintiff was alarmed by this confrontation and felt very intimidated.

15.   Sometime in the summer of 2016, but prior to July 2016, Plaintiff learned that Defendant had posted a job opening on the Washington Association of Prosecuting Attorneys website. The position posted was the same as Plaintiff's position (Deputy Prosecutor I), but the salary range listed started at $59,000, not $50,000.

16.   In or about July 2016, Plaintiff learned that her male colleagues who performed substantially similar work were earning more wages than she was earning. Plaintiff learned these male colleagues were earning in excess of $59,000 per year.

17.   After Plaintiff saw the job opening and learned she was earning less than her male colleagues, she began to experience feelings of anger, doubt, embarrassment, and insecurity.

18.   In July 2016, Plaintiff approached Mr. Dano regarding the job posting for Deputy Prosecutor I. Plaintiff advised Mr. Dano that she wished to be considered for the position because the salary was $9,000 more than what she was receiving at the time for the same work. Mr. Dano laughed at Plaintiff and demanded to know why she should be paid more money.

19.   Plaintiff then confronted Mr. Dano about the pay disparity with men and requested a wage increase so she would be paid fairly. Mr. Dano informed Plaintiff that Hyrum Hemingway, a male colleague who performed substantially similar work, was purportedly offered a higher salary based on the salary he had received from his previous employer. Mr. Dano did not provide any other purported justification for the wage disparity between Plaintiff and her other male colleagues.

20.   On July 28, 2016, Plaintiff received a wage increase to eliminate the pay disparity between herself and her male colleagues who were performing substantially similar work. However, Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4 of 7

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

was not made whole for the wage disparity from her hire date through July 27, 2016.

**21.** Plaintiff was terminated by Defendant on May 17, 2017.

### IV.   FIRST CAUSE OF ACTION
### VIOLATION OF FEDERAL EQUAL PAY ACT OF 1963

**22.** Plaintiff re-alleges every allegation set forth in the paragraphs above.

**23.** Defendant failed to pay Plaintiff equal pay for equal work because of her gender.

**24.** The unlawful employment practices complained of in the above paragraphs were willful and done with malice or with reckless indifference to Plaintiff's rights as protected by federal law.

**25.** As a result of Defendant's unlawful act(s), Plaintiff has been damaged in amounts to be determined at trial.

### V.  SECOND CAUSE OF ACTION
### VIOLATION OF CHAPTER 49.60 RCW *et seq.*

**26.** Plaintiff re-alleges every allegation set forth in the paragraphs above.

**27.** Defendant's acts and conduct as alleged herein constitute discrimination based on gender in violation of the Washington Law Against Discrimination, RCW 49.60 *et. seq.*, including a violation of RCW 49.60.400, which prohibits Defendant from discrimination in public employment.

**28.** As a result of Defendant's unlawful act(s), Plaintiff has been damaged in amounts to be determined at trial.

### VI. THIRD CAUSE OF ACTION
### VIOLATION OF CHAPTER 49.12.175 RCW

**29.** Plaintiff re-alleges every allegation set forth in the paragraphs above.

**30.** Defendant has failed to pay Plaintiff equal pay for equal work because of her gender.

**31.** The unlawful employment practices complained of in the above paragraphs were intentional.

**32.** As a result of Defendant's unlawful act(s), Plaintiff has been damaged in amounts to be

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

determined at trial.

## VII.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

**33.** Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any other discriminatory employment practice.

**34.** Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

**35.** Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

**36.** Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial, including but not limited to damages provided for by RCW 49.48 *et. seq.*, and RCW 49.52 *et. seq.*

**37.** Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including without limitation emotional pain, suffering, and loss of enjoyment of life, in an amount to be determined at trial.

**38.** Order Defendant to pay Plaintiff liquidated and exemplary damages for its conduct described in the above paragraphs, in amounts to be determined at trial to the fullest extent allowed by law.

**39.** Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

and cost award, including but not limited to attorneys' fees.

**40.** Award Plaintiff the costs of this action, including attorneys' fees.

**41.** Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this 9th day of April, 2018.

| | |
|---|---|
| **REKHI & WOLK, P.S.** | **REKHI & WOLK, P.S.** |
| By: *s/ Hardeep S. Rekhi* <br> Hardeep S. Rekhi, WSBA No. 34579 <br> 529 Warren Ave. N., Suite 201 <br> Seattle, WA 98109 <br> Telephone: (206) 388-5887 <br> Fax: (206) 577-3924 <br> E-Mail: hardeep@rekhiwolk.com | By: *s/ Gregory A. Wolk* <br> Gregory A. Wolk, WSBA No. 28946 <br> 529 Warren Ave. N., Suite 201 <br> Seattle, WA 98109 <br> Telephone: (206) 388-5887 <br> Fax: (206) 577-3924 <br> E-Mail: greg@rekhiwolk.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| **REKHI & WOLK, P.S.** | **REKHI & WOLK, P.S.** |
| By: *s/ Jaime Heimerl* <br> Jaime Heimerl, WSBA No. 49100 <br> 529 Warren Ave. N., Suite 201 <br> Seattle, WA 98109 <br> Telephone: (206) 388-5887 <br> Fax: (206) 577-3924 <br> E-Mail: jaime@rekhiwolk.com <br> *Attorney for Plaintiff* | By: *s/ Daniel Cairns* <br> Daniel Cairns, WSBA No. 49950 <br> 529 Warren Ave. N., Suite 201 <br> Seattle, WA 98109 <br> Telephone: (206) 388-5887 <br> Fax: (206) 577-3924 <br> E-Mail: daniel@rekhiwolk.com <br> *Attorney for Plaintiff* |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7 of 7

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924